# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| THEDA A. BLOCK aka THEDA A. BURCH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-cv- 00151 |
| § | |
| FIRST FINANCIAL BANK, N.A., § | With Jury Demand Endorsed |
| § | |
| Defendant. § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Theda A. Block aka Theda A. Burch ("Plaintiff"), by and through counsel, for her Complaint against Defendant First Financial Bank, N.A. ("Defendant" or "First Financial"), states as follows:

### I. INTRODUCTION

1. Defendant engaged in willful, malicious, deceptive and harassing actions against Plaintiff in furtherance of its efforts to illegally collect from her a debt that was included in her bankruptcy case. Defendant's actions at issue include: 1) sending Plaintiff periodic billing statements demanding payment in a specified amount alleged to be "past due" by a certain date; 2) sending letters and other correspondence to Plaintiff; and 3) making numerous collection calls to Plaintiff on her cellular phone.

2. Specifically, Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; and 3) the automatic stay and discharge injunction of the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division. Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. Parties

3. Plaintiff is a natural person residing in Orange County, Texas and a "consumer," as defined by the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant is a national bank that may be served by delivering a summons to its President Scott Dueser or any vice-president at First Financial Bankshares, Inc., 400 Pine Street, Abilene, Texas 79601.

5. Defendant is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7).

**6.** The debt Defendant was attempting to collect from Plaintiff was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

## III. Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367.

8. Venue is proper this district, because Defendant transacts business in this district, Plaintiff filed her bankruptcy case in this district, and the conduct complained of occurred in this district.

## IV. Factual Allegations

**A. The Inclusion and Discharge of the Subject Debt in Plaintiff's Bankruptcy Case and the Surrender of the Collateral/Property**

9. On October 1, 2020, Plaintiff filed Chapter 7 bankruptcy in case number 20-10400 ("Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division ("Bankruptcy Court").

10. On Schedule E/F, filed with her bankruptcy petition, Plaintiff listed the First Financial debt, account number ending in 1724 ("the Account"), as an unsecured claim.

11. A true and correct copy of the relevant page of Plaintiff's Schedule E/F is attached hereto as Exhibit "A."

12. On or about October 4, 2020, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the Notice of Chapter 7 Bankruptcy Case ("341 Notice") to Defendant, by first class mail. The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362. The United States Postal Service did not return the 341 Notice sent to Defendant, creating a presumption it was received by Defendant.

13. On January 20, 2021, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiff from any liability for the debt created by the Account. Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

14. On or about January 22, 2021, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to First Financial by first class mail. This mailing, which was not returned, constituted notice to Defendant of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

15. A true and correct redacted copy of the Discharge Order is attached hereto as Exhibit "B."

16. At no time during the pendency of Plaintiff's Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the claim regarding the Account listed on Schedule E/F to Plaintiff's Petition.

17. At no time did Plaintiff reaffirm the debt on the Account with any person or entity.

18. At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B. During the Chapter 7 Bankruptcy and after the Discharge of the Debt in Plaintiff's Bankruptcy Case, Defendant Attempted to Collect the Discharged Debt from Plaintiff Personally and Made Harassing and Offensive Contacts with Her.**

19. Following the October 1, 2020 initial filing and after the January 20, 2021 entry of the Discharge Order in Plaintiff's Bankruptcy Case, Defendant nevertheless engaged in prohibited debt collection activity against Plaintiff on the Account by: (1) calling Plaintiff repeatedly to coerce or deceive her into making payments, and (2) sending Plaintiff monthly billing notices on the Account.

**1) During the Bankruptcy, Defendant Called Plaintiff on Numerous Occasions and Sent Notices Asking Her To Make Payments on the Account.**

20. For example, on or about October 19, 2020, even though the automatic stay was in effect, Defendant sent Plaintiff a "NOTICE OF FINAL PAYMENT DUE," demanding the payment of $664.32, which included interest and other charges, by the due date of 11/02/20 and warning: "The total amount should be paid on or before the due date as indicated above or contact your loan officer, Lani White."

21. A true and correct redacted copy of the October 19, 2020 notice is attached hereto as Exhibit "C."

22. When Plaintiff received another letter the next month, she was very upset and contacted her attorney who sent Defendant a cease and desist letter on November 24, 2020.

23. A true and correct redacted copy of the November 24, 2020 cease and desist letter is attached hereto as Exhibit "D."

**2) After Plaintiff's Discharge, Defendant Continued to Send Notices and Call Her to Coerce or Deceive Her into Paying the Debt.**

24. After receiving the cease and desist letter from Plaintiff's attorney and after the debt was discharged, Defendant continued to call Plaintiff and send her notices attempting to coerce or deceive her into making payments, in whole or in part, even though Defendant knew the debt on the Account had been discharged.

25. For example, on or about February 16, 2021, even though the debt had been discharged, Defendant sent Plaintiff a "NOTICE OF FINAL PAYMENT DUE," demanding the payment of $677.73, which included interest and other charges, by the due date of 3/02/21 and warning: "The total amount should be paid on or before the due date as indicated above or contact your loan officer, Lani White."

26. A true and correct redacted copy of the February 16, 2021 notice is attached hereto as Exhibit "E."

27. On or about March 18, 2021, even though the debt had been discharged, Defendant sent Plaintiff a "NOTICE OF FINAL PAYMENT DUE," demanding the payment of $681.20, which included interest and other charges, by the due date of 4/02/20 and warning: "The total amount should be paid on or before the due date as indicated above or contact your loan officer, Lani White."

28. A true and correct redacted copy of the March 18, 2021 notice is attached hereto as Exhibit "F."

## V. GROUNDS FOR RELIEF - COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

29. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if fully rewritten here.

30. Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

   a) Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law. Inasmuch as: 1) the bankruptcy automatic stay and discharge injunction prohibits anyone from attempting to collect debts included or discharged in bankruptcy *in personam*; 2) the common law protects Plaintiff's privacy rights, Defendant's actions against Plaintiff also violated the TDCA. They were threats of further illegal and harassing collections and contacts from Defendant to Plaintiff in violation of the TDCA;

   b) Tex. Fin. Code § 392.303(a)(2) prohibits Defendant from collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. Inasmuch as Defendant was attempting to charge interest, fees and other charges, it violated this section of the TDCA;

   c) Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiff's debt. Defendant misrepresented to Plaintiff, through phone calls and notices representing that there was an amount due and owing by a specific date, with interest accruing and that the Account, which had been discharged, was past due and owing were to deceive Plaintiff into paying the discharged debt. These were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA;

   d) Tex. Fin. Code § 392.304(a)(12) prohibits a debt collector from using a fraudulent, deceptive, or misleading representation, representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges, to the extent Defendant represented to Plaintiff that she was responsible for post-discharge fees and charges related to the Account, it violated the TDCA; and

  e)  Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt. For the reasons stated in the preceding paragraphs (a - d), Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt, while Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectible from Plaintiff *in personam*.

31. Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiff for actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees. Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

32. Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include her reasonable attorney's fees incurred in prosecuting this claim.

## VI. GROUNDS FOR RELIEF - COUNT II

### INVASION OF PRIVACY

33. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if fully rewritten here..

34. At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant during the bankruptcy and post-discharge. Thus, Defendant's collection calls to Plaintiff and sending payment notices to her were invasions of Plaintiff's privacy rights. These wrongful acts of Defendant caused injury to Plaintiff.

35. Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused injury to Plaintiff, which resulted in extreme emotional anguish, loss of time and inconvenience. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII. Grounds for Relief- Counts III and IV

### Violations of the Automatic Stay and Discharge Injunction

36. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if fully rewritten here..

37. At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

38. Defendant attempted to collect from Plaintiff personally on the discharged debt or to get Plaintiff to take action to benefit the Defendant, as evidenced by the telephone calls to Plaintiff and the sending of payment demand notices.

39. Defendant's actions were willful acts in furtherance of its efforts to collect the debt included in her Bankruptcy, in violation of the automatic stay of 11 U.S.C. § 362 or discharge injunction imposed by 11 U.S.C. § 524(a). Defendant's failure to comply with the aforesaid laws, despite Defendant's being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

40. The post discharge actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff, in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

41. Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff. After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability. Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on her claims, and

Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

42. Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . ."

43. There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

44. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

45. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of

mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

46. Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. §§ 362 and 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VIII. VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR*

47. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, the principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

### IX. DAMAGES

48. In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiff past and future monetary loss; past and future mental distress, emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury. Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff time and mental energy, which are precious to her.

49. At all relevant times, Defendant knew, and it continues to know, that, pursuant to the automatic stay and/or a discharge order granted by a U.S. Bankruptcy Court, included or discharged debts are no longer legally collectible, but Defendant made a corporate decision to act knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it knew was included in bankruptcy or had been discharged as a result of Plaintiff's Bankruptcy Case. Defendant had no right to engage in any of its actions at issue.

50. Plaintiff believes that, after reasonable discovery in this case, she will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff, with the actual knowledge that such actions were in violation of the law.

51. Plaintiff believes that, after reasonable discovery, she will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws it is well-aware.

52. Plaintiff believes that, after reasonable discovery, she will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts discharged in bankruptcy.  Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant.  Moreover, Plaintiff's injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

53. Plaintiff believes that, after reasonable discovery, she will be able to show that Defendant's actions at issue were part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included and discharged in the debtors' respective bankruptcy cases.

54. Due to Defendant's conduct, Plaintiff was forced to hire counsel, and her damages include reasonable attorney's fees incurred in prosecuting her claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Theda A. Block aka Theda A. Burch, prays the Court:

    A.    Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, the automatic stay and the discharge injunction;

    B.    Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

    C.    Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

    D.    Grant such other and further relief, in law or equity, to which Plaintiff might show she is justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

April 7, 2021          */s/ James J. Manchee*
Date          James J. Manchee